NOT FOR PUBLICATION

RECEIVED
JUN 14 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD D. KEEFE,

    Plaintiff,

v.

NJ DEPT OF CORRECTIONS; COUNTY OF MONMOUTH; STATE OF NJ; UNION BEACH, NJ,

    Defendants.

Civ. No. 18-7597

**MEMORANDUM ORDER**

THOMPSON, U.S.D.J.

This matter comes before the Court upon the application of *pro se* plaintiff Ronald D. Keefe ("Plaintiff") to proceed *in forma pauperis* in a civil action. (ECF No. 3.) Mr. Keefe initially submitted his Complaint on April 13, 2018 (ECF No. 1), which the Clerk of Court marked as received but did not formally file because the Complaint was submitted without a filing fee or application to proceed *in forma pauperis* (ECF No. 2). Due to an administrative error (*see* Docket Entry dated 6/11/2018), Plaintiff was not notified that his Complaint had not been filed until June 11, 2018. On June 12, 2018, Plaintiff submitted this application.

In considering an application to proceed *in forma pauperis*, the Court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the Plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, a litigant may submit an application to proceed *in forma pauperis*. "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cty. Cmty. Coll.*, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (citations omitted). Litigants who wish to proceed *in forma*

1

*pauperis* must include an affidavit of indigence that states the individual's total income, all assets, and inability to pay filing fees. *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

It appears from Plaintiff's application that Plaintiff possesses $893.00 in a checking account and a 2000 Nissan Maxima and receives $1,415.00 each month from Social Security Disability payments. Plaintiff's fixed monthly expenditures equal $1200.00—roughly equivalent to his monthly income. Therefore, the Court is persuaded that Plaintiff has shown sufficient economic disadvantage to proceed *in forma pauperis*, satisfying the first step of the inquiry.

Second, the Court determines whether the complaint should be dismissed. A complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See Roman*, 904 F.2d at 194 n.1; 28 U.S.C. § 1915(e)(2)(B).

> The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff's complaint appears to renew claims brought in civil cases 91-4734, 15-8584, and 17-1334 before this Court.[1] Plaintiff lays out a timeline of events dating back to the 1980s

---

[1] Indeed, much of the Complaint submitted in the instant case was submitted in exactly the same format in prior actions. (*Compare* Civ. No. 18-7597, ECF Nos. 1, 1-1, *with* Civ. No. 17-1334, ECF No. 1-3 *and* Civ. No. 91-4734, ECF No. 1.) The only seemingly new documents included with the Complaint are the final six pages—a new handwritten letter by Plaintiff with a header noting "Lyons V.A. Hospital." (*See* Compl., Ex. 1 at 26–31, ECF No. 1-1.)

and his divorce and custody proceedings in which he lost custody of his children, alleging nebulous wrongs committed against him by various public officials and government entities or agencies. (Compl. at 2–9, ECF No. 1.) Plaintiff claims that his civil rights were violated through, *inter alia*, selective prosecution, false incarceration, verbal abuse, and denying him the opportunity to defend himself in state proceedings related to domestic violence charges. Plaintiff does not provide precise dates or sufficiently comprehensible descriptions of the alleged wrongs. Further, while his wandering narrative names many individuals, none of those individuals is named as a defendant in this action. Therefore, even given the more relaxed standard afforded to *pro se* plaintiffs, the Court is unable to distill a cause of action from these facts. Plaintiff has previously been given leave to amend similar complaints but has failed to do so; thus, his claim has never been adjudicated on the merits. The Complaint will be dismissed for failure to state a claim upon which relief can be granted, with 30 days for leave to amend.

Therefore, for the reasons stated herein and for good cause shown,

**IT IS** on this 13th day of June, 2018,

**ORDERED** that Plaintiff's application to proceed without prepayment of fees and costs is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court file the Complaint without prepayment of fees; and it is further

**ORDERED** that the Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order.

ANNE E. THOMPSON, U.S.D.J.